IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| NANCY ROARK<br>2031 Maywill Street, Apt. 442<br>Richmond, Virginia 23230<br><br>*On Behalf of Herself and*<br>*All Others Similarly Situated*<br><br>　　　Plaintiff,<br><br>v.<br><br>JOEL BIEBER, LLC<br>THE JOEL BIEBER FIRM<br>3805 Cutshaw Avenue, Suite 500<br>Richmond, Virginia 23230<br><br>Serve:　Richard W. Zahn, Jr., Esquire<br>　　　　The Joel Bieber Firm<br>　　　　6806 Paragon Place, Suite 100<br>　　　　Richmond, Virginia 23230<br><br>　　　DEFENDANT. | * * * * * * * * * * * * * * * * * * * * * | CASE NO.　3:24cv600 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.　Joel Bieber, LLC t/a The Joel Bieber Firm ("JBF") perpetrated a payroll scheme resulting in its unlawful withholding of earned wages owed due and owing to Nancy Roark ("Named Plaintiff") and other similarly situated attorney support staff, paralegals, and other non-attorney office personnel employed by JBF ("the Class Members") in violation of the Federal Fair Labor Standards Act ("FLSA"), Virginia Overtime Law ("VOL"), and Virgina Wage Payment Act ("VWPA").

2.　This action seeks to recover the earned and unpaid wages, statutory liquidated damages, and attorney's fees and costs on behalf of Named Plaintiff and all Class Members.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

4. This Court properly confers supplemental jurisdiction over alleged common and interrelated state law claims seeking recovery of unpaid wages and damages.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

6. JBF is a limited liability company, formed under the laws of the Commonwealth of Virginia, operating out of a principal office located in Richmond, Virginia.

7. During the relevant period, JBF operated continuously and substantially as a law firm, providing legal services to clients from law offices located staffed by JBF employees within Virginia, South Carolina, North Carolina, West Virginia, Pennsylvania, and Maryland.

8. During the relevant period, JBF operated as an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

9. JBF qualified as Named Plaintiff's employer, and the employer of all Class Members as defined by the FLSA, VOL, and VWPA.

10. Named Plaintiff and the Class Members qualified as JBF's employees as defined by the FLSA, VOL, and VWPA.

11. Named Plaintiff is an adult domiciliary of the Commonwealth of Virginia.

12. JBF employed Named Plaintiff within its office in Richmond, Virginia.

13. Attached hereto, Plaintiff submits her written consent to participate as a plaintiff and class representative in this Class and Collective Action seeking recovery of wages, damages, and attorney's fees against JBF under the FLSA, VOL, and VWPA.

14. Prior to commencement of this action, in July 2021, Named Plaintiff filed a Complaint with the Department of Labor seeking recovery of earned and unpaid wages for work compensable work duties performed for JBF's primary benefit while employed by JBF exceeding forty (40) hours per week.

15. Arising from Named Plaintiff's prior Department of Labor Complaint filing, Plaintiff's individual FLSA, VOL, and VWPA claim against JBF in this action are tolled to permit Plaintiff's individual recovery of her wages from the anniversary of Plaintiff's Department of Labor Complaint filing in July 2021, through the conclusion of Plaintiff's period of employment on or about May 16, 2022 ("Plaintiff's relevant period of employment").

16. The FLSA, VOL, and VWPA claims belonging to the Class Members who may elect to Opt-In or who are otherwise included in this action in this action hold a legal entitlement to seek recovery of earned and unpaid wages and statutory damages during the period the period August 22, 2021, through the date of judgment in this case ("the relevant period").

17. Class Members eligible to participate in the FLSA Collective Action in this case include Class Members (a) employed by JBF within the relevant period; (b) performing employment duties in any JBF office within the United States; (c) who in any week during the relevant period performed compensable employment duties exceeding Forty (40) hours for which JBF did not pay overtime premium wages at the FLSA-required rate of one-and-one-half times their regular hourly rate. (hereafter, "the FLSA Class Members").

18. Class Members eligible to participate in the VOL and VWPA Class Actions in this case include Class Members (a) employed by JBF within the relevant period; (b) performing employment duties in any JBF office within the Commonwealth of Virginia; (c) who in any week during the relevant period performed compensable employment duties exceeding Forty (40) hours for which JBF did not pay overtime premium wages at the Virginia-required rate of one-and-one-half times their regular hourly rate. (hereafter, "the Virginia Class Members").

**FACTS**

19. During Plaintiff's relevant period of employment, JBF employed Named Plaintiff to perform paralegal duties within JBF's Richmond, Virginia, law office.

20. During the relevant period, JBF employed more than Forty (40) FLSA Class Members to perform attorney support staff, paralegal, and other non-attorney office personnel employment duties within one or more of JBF's law offices within the United States.

21. During the relevant period, JBF employed more than Forty (40) Virginia Class Members to perform attorney support staff, paralegal, and other non-attorney office personnel employment duties within one or more of JBF's law offices within the Commonwealth of Virginia.

22. At no time during Plaintiff's relevant period of employment did Named Plaintiff perform employment duties for JBF's benefit that were exempt from the FLSA or Virginia law mandate requiring JBF to pay Named Plaintiff at the rate of one-and-one-half times Named Plaintiff's regular hourly rate for overtime Named Plaintiff worked exceeding Forty (40) hours per week.

23. At no time during the relevant period did the Class Members perform employment duties for JBF's benefit that were exempt from the FLSA or Virginia law mandate requiring JBF to pay Class Members at the rate of one-and-one-half times their regular hourly rate for overtime Class Members worked exceeding Forty (40) hours per week.

24. During Named Plaintiff's relevant period of employment, Named Plaintiff regularly and customarily performed Fifty-Five (55) to Sixty-Five (65) compensable work hours for JBF's primary benefit per week.

25. During Named Plaintiff's relevant period of employment, JBF had knowledge of all Named Plaintiff's weekly compensable work hours, including actual or constructive knowledge of overtime worked by Named Plaintiff exceeding Forty (40) hours per week, through in-person and electronic supervision of Named Plaintiff's duties and work hours.

26. In one or more weeks during the relevant period, the FLSA Class Members performed compensable work duties for JBF's primary benefit exceeding Forty (40) hours per week.

27. During the relevant period, JBF had knowledge of all compensable work the FLSA Class Members worked each week, including actual or constructive knowledge of overtime worked by the FLSA Class Members exceeding Forty (40) hours per week, through in-person and electronic supervision of the FLSA Class Members' duties and work hours.

28. In one or more weeks during the relevant period, the Virginia Class Members performed compensable work duties for JBF's primary benefit within the Commonwealth of Virginia exceeding Forty (40) hours per week.

29. During the relevant period, JBF had knowledge of all compensable work the Virginia Class Members worked each week, including actual or constructive knowledge of overtime worked by the Virginia Class Members exceeding Forty (40) hours per week, through in-person and electronic supervision of the Virginia Class Members' duties and work hours.

30. During Named Plaintiff's relevant period of employment, JBF paid Named Plaintiff wages for all compensable hours worked each week, including overtime work exceeding Forty (40) hours per week, through a combination of an annualized salary and performance-based bonuses.

31. During the relevant period, JBF paid the Class Members wages for all compensable hours worked each week, including overtime work exceeding Forty (40) hours per week, through a combination of an annualized salary and performance-based bonuses.

32. During Named Plaintiff's relevant period of employment, JBF did not pay Named Plaintiff earned and FLSA and Virginia law required overtime premium wages at the rate of one-and-one-half times Plaintiff's regular hourly rate for all compensable overtime work Plaintiff performed for JBF's primary benefit exceeding Forty (40) hours per week.

33. During the relevant period, JBF failed to pay the FLSA Class Members their earned and FLSA required overtime premium wages at the rate of one-and-one-half times their regular hourly rate for all compensable overtime work the FLSA Class Members performed for JBF's primary benefit exceeding Forty (40) hours per week.

34. During the relevant period, JBF failed to pay the Virginia Class Members their earned and Virginia law required overtime premium wages at the rate of one-and-one-half times their regular hourly rate for all compensable overtime work the Virginia Class Members performed within the Commonwealth of Virginia for JBF's primary benefit exceeding Forty (40) hours per week.

35. During Named Plaintiff's relevant period of employment, JBF unlawfully withheld and failed to fully and timely pay Named Plaintiff her earned FLSA and Virginia law required "half time" premium overtime wages due and owing to Named Plaintiff each pay period for all compensable overtime work Named Plaintiff performed for JBF's primary benefit exceeding Forty (40) hours per week.

36. During the relevant period, JBF unlawfully withheld and failed to fully and timely pay the FLSA Class Members their earned FLSA required "half time" premium overtime wages due and owing to the FLSA Class Members each pay period for all compensable overtime work the FLSA Class Members performed for JBF's primary benefit exceeding Forty (40) hours per week.

37. During the relevant period, JBF unlawfully withheld and failed to fully and timely pay the Virginia Class Members their earned Virginia law required "half time" premium overtime wages due and owing to the Virginia Class Members each pay period for all compensable overtime work the Virginia Class Members performed within the Commonwealth of Virginia for JBF's primary benefit exceeding Forty (40) hours per week.

38. Prior to July 2021, and throughout the relevant period, JBF had actual knowledge and notice the FLSA and Virginia law required JBF to pay overtime premium wages to all non-exempt employees at the rate of one-and-one-half times their regular hourly rate for all compensable overtime hours worked for JBF's primary benefit exceeding Forty (40) hours per week.

39. Prior to July 2021, and on multiple subsequent occasions within the relevant period, Named Plaintiff and one or more Class Members complained to JBF or its agents that Named Plaintiff and the Class Members did not perform primary job duties that were exempt from the FLSA and Virginia law requiring JBF to pay overtime premium wages at the rate of one-and-one-half times their regular hourly rate for all compensable overtime hours worked for JBF's primary benefit exceeding Forty (40) hours per week.

40. Prior to July 2021, and throughout the relevant period, JBF had actual knowledge and notice that Named Plaintiff and the Class Members did not perform duties that were exempt from the FLSA or Virginia law requiring JBF to pay Named Plaintiff and the Class Members overtime premium wages at the rate of one-and-one-half times their regular hourly rate for compensable overtime worked for JBF's primary benefit exceeding Forty (40) hours per week.

41. Prior to July 2021, and throughout the relevant period, JBF had actual knowledge and notice the FLSA and Virginia law required JBF to pay Named Plaintiff and the Class Members overtime premium wages at the rate of one-and-one-half times their regular hourly rate for compensable overtime worked for JBF's primary benefit exceeding hours Forty (40) hours per week.

42. Prior to July 2021, and throughout the relevant period, JBF had actual knowledge and notice its failure to pay Named Plaintiff and the Class Members overtime premium wages at the rate of one-and-one-half times their regular hourly rate for compensable overtime worked for JBF's primary benefit exceeding Forty (40) hours per week was in direct violation of the FLSA and Virginia law.

43. Prior to July 2021, and throughout the relevant period, JBF had actual knowledge and notice its withholding and failure to fully and timely pay Named Plaintiff and the Class Members their earned "half time" premium overtime wages each pay period for all compensable overtime worked for JBF's primary benefit exceeding Forty (40) hours per week was in direct violation of the FLSA and Virginia law.

44. JBF's failure to fully and timely pay Named Plaintiff and the Class Members all earned overtime premium wages for all compensable overtime they worked exceeding Forty (40) hours per week for JBF's primary benefit as required by the FLSA and Virginia law each pay period was willful, knowing, and reckless.

45. JBF's failure to fully and timely pay Named Plaintiff and the Class Members all earned overtime premium wages for all compensable overtime they worked exceeding Forty (40) hours per week for JBF's primary benefit as required by the FLSA and Virginia law each pay period was not the result of good faith mistake by JBF.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46. Named Plaintiff bring her Count against JBF for violations of the FLSA as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all FLSA Class Members.

47. During the relevant period, JBF paid wages to Named Plaintiff and the FLSA Class Members pursuant to a class-wide common plan or scheme resulting JBF's common and class-wide failure to pay all FLSA earned and required overtime premium wages to Named Plaintiff and the FLSA Class Members.

48. Pursuit of Named Plaintiff and the FLSA Class Members' FLSA claims against JBF as a Collective Action will provide the most efficient mechanism for adjudicating the FLSA claims of the Named Plaintiff and the FLSA Class Members.

49. Named Plaintiff requests she be permitted to serve as representative of all FLSA Class Members those who submit written consents to prosecute FLSA claims against JBF in this action, and that Named Plaintiff and the FLSA Class Members claims against JBF in this matter be conditionally certified as a Collective Action pursuant to 29 U.S.C. § 216(b).

## VOL / VWPA CLASS ACTION ALLEGATIONS

50. Named Plaintiff bring her Counts against JBF for violations of the VOL and VWPA pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all Virginia Class Members.

51. Pursuit VOL and VWPA Counts alleged in this action against JBF as a Class Action will provide the most effective and efficient mechanism for adjudicating the VOL and VWPA claims of Named Plaintiff and all Virginia Class Members.

52. Named Plaintiff and more than Forty (40) Virginia Class Members hold substantially similar and highly meritorious claims for recovery against JBF under the VOL and VWPA.

53. Joinder of all Virginia Class Members to this action is impracticable.

54. Common questions of law and fact predominate over any questions affecting Named Plaintiff or any Virginia Class Member, individually.

55. Named Plaintiff and the Virginia Class Members suffered common VOL and VWPA damages arising from JBF's class-wide unlawful payroll scheme that resulted in JBF's withholding of full and timely payment of overtime premium wages earned by Named Plaintiff and the Virginia Class Members for performing overtime compensable work for JBF's primary benefit within the Commonwealth of Virginia.

56. The VOL and VWPCA claims alleged by Named Plaintiff against JBF in this action are typical of the claims of the Virginia Class Members and the relief sought by the Named Plaintiff under the VOL and VWPA is typical of the relief that would be sought by each Virginia Class Member if litigated in separate actions.

57. Named Plaintiff can fairly and adequately protect the interests of all Virginia Class Members.

58. There are no known conflicts of interest between Named Plaintiff and any of the Virginia Class Members.

59. Named Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

60. Class Action treatment of Named Plaintiff and the Virginia Class Members' VOL and VWPCA claims will permit many similarly situated persons to prosecute their common VOL and VWPCA claims against JBF in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.

61. Because the losses, injuries and damages suffered by Named Plaintiff and each Virginia Class Member may be relatively small, the expenses and burden of individual litigation prosecuted by each Virginia Class Member would make it extremely difficult or burdensome for the individual Virginia Class Members to redress the wrongs done to them.

62. Prosecution of separate VOL and VWPCA actions by Named Plaintiff and Virginia Class Members, individually, creates an untenable risk of inconsistent and/or varying adjudications, establishing incompatible standards of wage payment conduct for JBF.

63. The VOL and VWPCA claims asserted by Named Plaintiff and on behalf of herself and the Virginia Class Members can be efficiently decided by this Court through common, class-wide proof.

## CAUSES OF ACTION

### COUNT I
### Violation of the FLSA Overtime Compensation Mandate

64. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

65. Pursuant to the FLSA, employers such as JBF are and were required by the FLSA pay non-exempt employees such as Named Plaintiff and the FLSA Class Members at the rate of one-and-one-half times their regular hourly rate for all overtime work exceeding Forty (40) hours per week.

66. JBF failed to pay Named Plaintiff and the FLSA Class Members at the FLSA required rate of one-and-one-half times their regular hourly rate for all overtime Named Plaintiff and the FLSA Class Members worked exceeding Forty (40) hours per week.

67. JBF had actual knowledge its failure to pay Named Plaintiff and the FLSA Class Members at the FLSA required rate of one-and-one-half times their regular hourly rate for overtime Named Plaintiffs and the FLSA Class Members worked exceeding Forty (40) hours per week was in direct violation of Named Plaintiff and the FLSA Class Members' overtime compensation rights.

68. JBF's conduct in violation of the FLSA, as alleged herein, was perpetrated by JBF willfully, permitting Named Plaintiff and the FLSA Class Members' recovery of unpaid overtime wages under the FLSA for three (3) years, rather than two (2) years.

69. Named Plaintiff and the FLSA Class Members seek recovery from JBF under the FLSA in the form of (a) earned and unpaid "half time" overtime wages due and owing for compensable overtime work duties performed over forty (40) hours per week; (b) statutory liquidated damages in an equal amount; (c) attorneys' fees and costs; and (d) all other legal and equitable relief as the Court deems just and proper.

## COUNT II
**Violation of the VOL Overtime Compensation Mandate**

70. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

71. Pursuant to the VOL, employers such as JBF are and were required by Virginia law pay non-exempt employees such as Named Plaintiff and the Virginia Class Members at the rate of one-and-one-half times their regular hourly rate for all overtime work performed within the Commonwealth of Virginia exceeding Forty (40) hours per week.

72. JBF failed to pay Named Plaintiff and the Virginia Class Members at the Virginia law required rate of one-and-one-half times their regular hourly rate for overtime Named Plaintiff and the Virginia Class Members performed within the Commonwealth of Virginia exceeding Forty (40) hours per week.

73. JBF had actual knowledge its failure to pay Named Plaintiff and the Virginia Class Members at the Virginia law required rate of one-and-one-half times their regular hourly rate for overtime Named Plaintiffs and the Virginia Class Members performed within the Commonwealth of Virginia exceeding Forty (40) hours per week was in direct violation of Named Plaintiff and the Virginia Class Members' overtime compensation rights.

74. JBF's conduct in violation of the VOL, as alleged herein, was perpetrated by JBF willfully and with actual knowledge of illegality.

75. Named Plaintiff and the Virginia Class Members seek recovery from JBF under the VOL in the form of (a) earned and unpaid "half time" overtime wages due and owing for compensable overtime work duties performed within the Commonwealth of Virginia over forty (40) hours per week; (b) statutory liquidated damages in an addition two times (2x) the underlying balance of wages owed; (c) attorneys' fees and costs; and (d) all other legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation of the VWPA Wage Payment Mandate

76. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

77. Pursuant to the VWPA, employers such as JBF must pay employees performing work duties in the Commonwealth of Virginia, such as Named Plaintiff and the Virginia Class Members, full and timely payment of all earned wages due and owing for all compensable work duties performed each pay period.

78. JBF failed to pay Named Plaintiff and the Virginia Class Members full and timely payment of all earned wages due and owing for all compensable work duties performed by Named Plaintiff and the Virginia Class Members within the Commonwealth of Virginia each pay period.

79. JBF had actual knowledge its failure to pay Named Plaintiff and the Virginia Class Members full and timely payment of all earned wages due and owing for all compensable work duties performed by Named Plaintiff and the Virginia Class Members within the Commonwealth of Virginia each pay period was in direct violation of Named Plaintiff and the Virginia Class Members' VWPA wage payment rights.

80. JBF's conduct in violation of the VWPA, as alleged herein, was perpetrated by JBF willfully and with actual knowledge of illegality.

81. Named Plaintiff and the Virginia Class Members seek recovery from JBF under the VWPA in the form of (a) earned wages due and owing for compensable work duties performed within the Commonwealth of Virginia each pay period; (b) statutory liquidated damages in an addition two times (2x) the underlying balance of wages owed; (c) attorneys' fees and costs; and (d) all other legal and equitable relief as the Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Named Plaintiff, for herself and all Class Members, prays that this Honorable Court:

1. Issue an Order certifying this action as a Collective Action under the FLSA, and designate Named Plaintiff as the representative of all FLSA Class Members that file consents to participate in this FLSA Collective Action;

2. Issue an Order certifying this action as a Class Action under the VOL and VWPA, and designate Named Plaintiff and Named Plaintiff's undersigned counsel as representatives on behalf of all Virginia Class Members;

3. Award Named Plaintiff and all Class Members actual damages in the amount of all wages found due to Named Plaintiff and all Class members and an award of liquidated damages as provided by the FLSA, VOL, and VWPA;

4. Award Named Plaintiff and all Class Members pre- and post-judgment interest at the statutory rate;

5. Award Named Plaintiff and all Class Members attorneys' fees costs as provided by the FLSA, VOL, and VWPA; and

6. Award Named Plaintiff and all Class Members all further legal and/or equitable relief as this Court deems necessary, just, or proper.

Dated:  August 22, 2024	Respectfully submitted,

/s/ Gregg C. Greenberg
Gregg C. Greenberg, Bar No. MD17291
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Named Plaintiffs
and the Class/Collective*